NATHAN H. COHAN and Others, Respondents, v. LOUIS MARKEL, Appellant.

First Department, February 5, 1926.

Sales — counterclaim by buyer of hotel furniture based on alleged breach of implied warranty — contract in writing gave lot number and descriptive title of pieces — evidence — error to exclude evidence as to condition of furniture and that it could not be used for hotel purposes — defendant could not prove express oral warranty.

In an action to recover on notes given for the purchase price of hotel furniture sold under a written contract by sample, in which the defendant interposed a

First Department, February, 1926. [Vol. 215

counterclaim based on an alleged breach of implied warranty that the furniture was fit for the purpose for which it was purchased, it was error for the court to reject testimony on behalf of defendant tending to show the condition of the furniture and that it could not be used in ordinary common use for a hotel, for the defendant had the right, notwithstanding the written contract, to rely upon an implied warranty that the furniture was fit for the purpose for which it was purchased.

The fact that the contract specified the lot number and the descriptive title of the separate pieces of furniture did not preclude the defendant from relying upon an implied warranty of quality, for although the pieces furnished corresponded to the lot number and descriptive title, the contract was not complied with unless the furniture was of a quality useful for hotel purposes.

The defendant could not, however, prove an express oral warranty beyond that implied that the furniture was of a quality suitable for hotel purposes, since the contract specified the particular style, lot number and kind of manufacture.

APPEAL by the defendant, Louis Markel, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 6th day of February, 1925, upon the verdict of a jury rendered by direction of the court.

*Joseph E. Greenberg* [*Jacob Landy* of counsel], for the appellant.

*Reit & Kaminsky* [*Alexander H. Kaminsky* of counsel], for the respondents.

McAvoy, J. At the trial of this action a verdict was directed in favor of the plaintiffs and the defendant's counterclaim was dismissed. There are five separate causes of action on as many promissory notes aggregating $5,000. Five hundred dollars of the amount has been paid, leaving $4,500 still due.

The answer sets forth a general denial, and as a separate defense recites that the notes upon which the suit is brought were given for the purchase price of certain furniture sold to the defendant for use in a hotel which was being erected in Newark, N. J.

The furniture was sold under a contract made on the 26th of March, 1922, and a sample was furnished. At the time of the sale the defense sets out that the plaintiffs represented and warranted to the defendant that the furniture was suitable and proper for use by the defendant in his hotel. It is claimed that they said it was made of properly seasoned wood; that it would give good service for hotel use; that it was well constructed and of the best manufacture and that its surface coating would permanently retain its color and not crack; that the furniture was properly painted and was substantial.

Defendant asserts that he relied on these representations and paid part of the purchase price and had the furniture set up in his hotel; and thereafter discovered that it was wholly unfit for use

and that it failed to give good service under ordinary use; that it was not made of properly seasoned wood; that it could not be used and became broken; that its surface coating so changed in color and cracked that it did not correspond to the sample exhibited at the time it was purchased. It is then set out that on this discovery defendant notified plaintiffs of the defects in the furniture and offered to return it and asked that it be repaired or exchanged for good furniture, or that plaintiffs return the sums paid by defendant. These demands were refused.

The counterclaim sets up a demand for affirmative judgment for $10,000, which on the trial of the case was increased to $20,000.

The parties to the suit were under a written contract with respect to the quality of this furniture and the learned trial justice excluded evidence of the condition of the furniture and its inability to be used in ordinary common use for this hotel, because he concluded under the written contract that a specific kind of furniture was required to be furnished, to wit, furniture known as that manufactured by the Johnson Furniture Company of Grand Rapids, Mich., and that its quantity and quality were particularly described in a schedule attached to the contract. This schedule, however, merely gives the lot number of the article and its descriptive title, such as a dresser, chifforobe, vanity, bed, chair, etc., the number of pieces of each article and the factory list price. Doubtless furnishing the articles in question, according to their specific description in the schedule, would be a compliance with the contract, if the articles so furnished were of merchantable quality and useful for the purposes for which they were obviously intended, but it must be obvious too that delivering furniture manufactured by the Johnson Company of Grand Rapids, Mich., according to the schedule number and price, was not a compliance with the contract if the furniture was of such quality as not to be useful for the purpose for which it was purchased. If, as the proof offered was intended to show, the furniture did not conform to its required purpose, because it did not stand up under hotel use and give good and sufficient service and was not well constructed, but broke under ordinary use and that the furniture immediately on installation became cracked and discolored, the plaintiffs could not justly require payment of the notes given for such merchandise, as it would not be conformable to the implied warranty, which goes even with articles bought by description. Implied warranties attach to a written as well as to an unwritten contract and may be shown, although not specified in the contract. Indeed, warranties are implied only because they are not expressed as appears from the term's illation.

There was not, however, any right, in view of the written con-tract here, showing a sale by description of specific furniture by lot number, to establish an alleged collateral parol warranty beyond that which the law would imply. While express warranties resting in parol may sometimes be proven, even though the parties may have made a written contract for the sale of goods, yet when the contract indicates that a specific style, lot number and manufacture of goods is the subject-matter of the purchase, we are not persuaded that parol collateral warranty, except for goods of a nature intended for a special use, in which the warranty is that they will be serviceable for such use, can be proven. However, the judg-ment should be reversed because of the court's failing to admit proof that the implied warranty was breached in the attempt to carry out the contract, and a new trial ordered, in which this proof may be submitted for the consideration of the jury.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.